UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Reginald Davenport ]<br>]<br>   Plaintiff, ]<br>]<br>v. ]<br>]<br>City of Chicago, a municipal ]<br>corporation, Officer Regan Allen, star # 15090, ]<br>]<br>   Defendants. ]<br>] | FILED: MAY 20, 2008<br>08CV2965 J. N.<br>JUDGE SHADUR<br>MAG. JUDGE COX<br><br>Jury Demanded |

## COMPLAINT

Plaintiff Reginald Davenport ("Plaintiff"), by counsel, alleges as follows:

## JURISDICTION

1.    This is a civil action arising under 42 U.S.C. §1983. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1343. In addition, Plaintiff invokes the pendent jurisdiction of this court over related ancillary state law claims.

## PARTIES

2.    Plaintiff Reginald Davenport is an adult resident of the Northern District of Illinois.

3.    Defendant Allen was at all times relevant a police officer employed by the Defendant City of Chicago, and was acting in both his official and individual capacities. On

information and belief, Defendant Allen is a resident of the Northern District of Illinois.

4.      Defendant City of Chicago is a municipal corporation of the State of Illinois, and is and was the employer of the police personnel herein named. Defendant City of Chicago is liable for constitutional deprivations visited upon Plaintiff pursuant to governmental custom, policy or practice.

5.      Defendants yet unknown to the Plaintiff are supervisory officers, police officers, and non-uniformed employees who at all times relevant hereto were duly appointed employees of the Defendant City of Chicago and were acting in both their individual and official capacities. They also failed to adequately supervise and discipline certain police personnel involved in the matter.

6.      At all times relevant and material to this complaint all of the governmental Defendants were acting under color of state law.

## FACTS

7.      On the afternoon of May 19, 2006 Plaintiff was on 43rd Street one-half block west of Cottage grove.

8.      At about 5:45 pm, Plaintiff had broken away from an altercation with Defendant Allen. Plaintiff went through the lobby of a building at 740 E. 43rd Street.

9.      Defendant Allen followed the Plaintiff through the lobby of the "Judge Slater" apartment building. To the rear of 740 E. 43rd Street is a grassy area. In the back are two brick enclosed garbage bins and a sidewalk leading to the building at 740 E. 43rd Street.

10.     Defendant Allen called for the Plaintiff to stop. The Plaintiff stopped near the

brick enclosed garbage cans about 10 to 20 feet from Officer Allen. Plaintiff turned to face Defendant Allen.

11. Defendant Allen said "I have had enough of this shit."

12. Defendant Allen then shot Plaintiff in the stomach.

13. Plaintiff was taken to Northwestern Memorial Hospital for treatment. Plaintiff remained for several days.

14. Plaintiff still suffers from the effects of the shooting

15. As the direct and proximate result of Defendants' wrongful acts, Plaintiff was embarrassed, humiliated, and physically battered and injured, put in fear of his physical well-being and safety, deprived of his associational rights and his liberty when he was incarcerated, deprived of his associational rights and liberty when forcibly detained.

16. Plaintiff demands trial by a jury.

**CLAIM II**: Chicago Police Officer Defendant Regan Allen committed the above described actions and/or omissions under the color of law and by virtue of his authority as police officer of the City of Chicago Police Department and substantially deprived the Plaintiff of his rights, privileges and immunities guaranteed to him as a citizen of the United States in violation of 42 U.S.C 1983, and deprived the Plaintiff of the rights guaranteed to him by the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution including, but not limited to:

    a. Freedom of expression;

    b.    Freedom from unlawful arrest and seizure of his person;

    c.    Freedom from the use of unreasonable, unjustified and excessive force;

    d.    Freedom from deprivation of liberty without due process of law;

    e.    Freedom from cruel and unusual punishment;

    f.    Freedom from summary punishment;

**(Pendant) CLAIM III**: In unjustifiably shooting and injuring Plaintiff, Chicago Police Officer Defendant Regan Allen committed an unlawful assault and battery upon him in violation of Illinois law.

WHEREFORE, the Plaintiff prays this Court:

    A.    Compensatory damages in the amount to be determined by the jury;

    B.    Punitive damages against the applicable Defendants in the amount to be determined by the jury;

    C.    Attorney's fees and costs pursuant to 42 U.S.C. Section 1988;

    D.    Pre and Post Judgment Interest;

    E.    All such further relief, both general and specific, to which the Plaintiff may be entitled under the premises.

_____
Attorney for Plaintiff

John L. Miller

Theodore A. Woerthwein
Woerthwein & Miller
200 West Madison Avenue-Suite 710
Chicago, Illinois 60601
312-654-0001