**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| REGINALD DAVENPORT, | ) | |
| | ) | No.    08 C 2965 |
| Plaintiff, | ) | |
| | ) | JUDGE SHADUR |
| v. | ) | |
| | ) | Magistrate Judge Cox |
| THE CITY OF CHICAGO, | ) | |
| a municipal corporation, CHICAGO POLICE | ) | |
| OFFICER REGAN ALLEN, star #15090, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant, City of Chicago (the "City"), by Mara S. Georges, Corporation Counsel for the City of Chicago, and Chicago Police Officer Regan Allen ("Officer Allen"), by his attorney Thomas H. Freitag, (collectively, "Defendants"), respectfully move this honorable Court, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss Plaintiff's complaint, and in support of this motion, state:

**INTRODUCTION**

On May 20, 2008, Plaintiff filed his complaint alleging both federal and state claims against the City and Officer Allen. Plaintiff's claim arose from an incident between Plaintiff and Officer Allen on May 19, 2006. However, because Plaintiff filed his complaint on May 20, 2008, all of his federal and state law claims are barred by the statute of limitations and thus his complaint must be dismissed.

**STATEMENT OF FACTS**

According to Plaintiff's complaint, on the afternoon on May 19, 2006, Plaintiff was involved in an "altercation" with Defendant Allen on the south side of Chicago. (Complaint ¶ 8). Plaintiff

attempted to flee this altercation by moving through various lots, yards and buildings, but Defendant Allen caught up with Plaintiff and ordered him to stop. (Complaint ¶¶ 8-10). Plaintiff obeyed this command and turned to face Officer Allen, who first stated, "I have had enough of this shit," and then proceeded to shoot Plaintiff in the stomach. (Complaint ¶ 10-12). Plaintiff was taken to Northwestern Memorial Hospital after the shooting, and still "suffers from" its effects. (Complaint ¶¶ 13-14).

## STANDARD OF REVIEW

In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), all well-pleaded allegations in the complaint will be accepted as true, and the court draws all inferences in a light most favorable to the plaintiff. *White v. City of Markham*, 310 F.3d 989, 992 (7th Cir. 2002); *see also Killingsworth v. HSBC Bank*, 507 F.3d 614, 618 (7th Cir. 2007). However, if the plaintiff cannot prove any set of facts upon which relief could be granted, dismissal is proper. *See Cleveland v. Rotman*, 297 F.3d 569, 571 (7th Cir. 2002). A court is "not required 'to ignore any facts set forth in the complaint that undermine the plaintiff's claim or assign any weight to unsupported conclusions of law.'" *City National Bank of Florida v. Checkers, Simon & Rosner*, 32 F.3d 277, 281 (7th Cir. 1994) (citations omitted). Where a plaintiff pleads sufficient facts to establish that he cannot recover on his claims, the Court should dismiss those claims. *Jackson v. Marion County*, 66 F.3d 151, 153-4 (7th Cir. 1995).

## ARGUMENT

Plaintiff alleges that he suffered deprivation of various rights guaranteed him under federal and state law as a result of his May 19, 2006 encounter with Officer Allen. While it is unclear exactly how Plaintiff's rights were violated, unpacking Plaintiff's legal theories is not necessary

because all of Plaintiff's claims, whether they be grounded in federal or state law, are barred by the statute of limitations.

Although the statute of limitations is an affirmative defense, if a plaintiff pleads facts that show his suit is barred by the statute of limitations, he has pled himself out of court. *See, e.g.*, *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002); *Whirlpool Financial Corp. v. GN Holdings*, 67 F.3d 605, 608 (7th Cir. 1995); *Tregenza v. Great Am. Communications Co.*, 12 F.3d 717, 718 (7th Cir. 1993). Pursuant to the Illinois Tort Immunity Act, any state-law based civil action brought against a local governmental entity or any of its employees must be commenced within one year from the date that the injury was received or the cause of action accrued. 745 ILCS 10/8-101 (2007). Hence Plaintiff had until May 19, 2007 to file his state-law claims. But Plaintiff did not file his lawsuit until May 20, 2008 – a year and one day too late. Thus, all of Plaintiff's state law claims are time barred and should be dismissed.

As for his federal claims, the Seventh Circuit "has consistently held that the appropriate statute of limitations for § 1983 cases filed in Illinois is two years…" *Holland v. City of Chicago*, 2007 WL 114293, *6 (N.D. Ill. Jan. 8, 2007) (citing *Ashafa v. City of Chicago*, 146 F.3d 459, 461 (7th Cir. 1998) (collecting cases). Accordingly, Plaintiff had until May 19, 2008 to raise his federal claims. But, as already noted, he did not file his complaint and initiate this lawsuit until May 20, 2008 – one day after the expiration of the applicable statute of limitations. This misstep is fatal and Plaintiff cannot rely on any type of grace period for this misstep; May 19, 2008, was a Monday, and not a federal or state holiday. Thus, Plaintiff's federal claims must also be dismissed for failure to file suit within the limitations period. Because Plaintiff failed to bring any of his claims in a timely fashion, his complaint should be dismissed in its entirety.

3

## CONCLUSION

For the reasons stated above, the Defendants respectfully request that this Court dismiss

Plaintiff's complaint with prejudice, and for any other relief this Court deems appropriate.

Respectfully submitted,

MARA S. GEORGES
Corporation Counsel of the City of Chicago

By:     **/s/ *Megan K. McGrath***
Megan K. McGrath
Assistant Corporation Counsel
30 North LaSalle Street, Suite1020
Chicago, Illinois 60602
(312) 744-9212
Attorney No. 06288408

OFFICER REGAN ALLEN,
By one of his attorneys,
**/s/ Thomas H. Freitag**
Thomas H. Freitag
Assistant Corporation Counsel
30 North LaSalle Street, Suite 1400
Chicago, Illinois 60602
(312) 742-7391
Atty. No. 6272245

4